**Robbins Geller Rudman & Dowd LLP**

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Benny C. Goodman III
BGoodman@rgrdlaw.com

February 10, 2014

<u>VIA ECF</u>

The Honorable George B. Daniels
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

    Re:    *In re JPMorgan Chase & Co. Derivative Litigation*,
            No. 1:12-cv-03878-GBD (S.D.N.Y.)

Dear Judge Daniels:

      On behalf of Plaintiffs in the above-referenced shareholder derivative action, we write to respond to Defendants' February 3, 2014 letter (Dkt. No. 48) advising the Court of the Second Circuit decision affirming *In re SAIC Derivative Litig.*, 948 F. Supp. 2d 366 (S.D.N.Y. 2013) and Defendants' February 6, 2014 (Dkt. No. 49) letter regarding a recent decision in a different shareholder derivative action before Justice Jeffrey K. Oing in the New York Supreme Court. *See Wandel v. Dimon*, Index No. 651830/12 (N.Y. Sup. Ct. Feb. 3, 2014) (Oing, J.) (the *Wandel* action).

      The Second Circuit's affirmance of *SAIC* is of no consequence here. *See Welch v. Havenstein*, No. 13-2648-cv (2d Cir. Jan. 30, 2014) (Summary Order). Unlike *SAIC*, the Second Amended Verified Shareholder Derivative Complaint ("Complaint") in the above referenced case alleges much more than admissions of managerial failings in settlements with government regulators and the importance of the activity to JPMorgan Chase & Co. ("JPMorgan" or the "Company"). Indeed, as addressed in Plaintiffs' opposition to Defendants' motion to dismiss, the complaint alleges Defendants' consciously disregarded and failed to monitor the ever-increasing risk of the synthetic credit portfolio of JPMorgan's Chief Investment Office ("CIO") – a division of the Company charged with creating a hedge position for JPMorgan's other business units. Dkt. No. 39 at 9-21. The Complaint here is further distinct from *SAIC* through its allegations that the Board of Directors ("Board") received regular and ongoing reports and data, including notification of the several hundred breaches of JPMorgan's own risk limits. *Id*. Consciously choosing not to stop the excessive and escalating risk taking at the CIO in the face of the documented risk of this portfolio and the danger to JPMorgan, Defendants breached their fiduciary duties to the Company and its shareholders, and face a substantial likelihood of liability. *Id*. Thus, unlike *SAIC*, any demand upon the JPMorgan Board to take action here would be futile.

**Robbins Geller Rudman & Dowd LLP**

The Honorable George B. Daniels
February 10, 2014
Page 2

The *Wandel* action also has no bearing here. On January 23, 2014, Justice Oing granted the defendants' motion to dismiss that action without prejudice in a ruling from the bench. No written decision was issued.

Defendants incorrectly suggest that Justice Oing's bench ruling should have preclusive effect over this shareholder derivative action. *See* Dkt. No. 49 at 1 (calling the *Wandel* action "virtually identical" to this action and suggesting that "[i]f anything, the complaint in *Wandel* contained more particularized factual allegations than the complaint here"). However, "'a dismissal without prejudice does not preclude another action on the same claims.'" *Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005); *see also Commc'n Workers of Am. v. Am. Tel. & Tel. Co.*, 932 F.2d 199, 204-05 (3d Cir. 1991) (holding that the dismissal of a complaint with leave to amend is not considered a final judgment.). Here, Justice Oing specifically "grant[ed] the Defendant's [sic] motion to dismiss and I'm going to dismiss this action without prejudice for the Plaintiff to replead." *See* Dkt. No. 49-1 (1/15/14 Hr'g Tr.) at 58:15-17. Because the Court dismissed the action without prejudice, the ruling in the *Wandel* action has no preclusive effect here.

Moreover, Defendants' suggestion that the *Wandel* action contained a broader range of "particularized facts" on the issue of demand futility is incorrect. Both the *Wandel* complaint and the transcript containing Justice Oing's ruling confirm that the *Wandel* complaint contained far fewer factual allegations than the Complaint in this action, and failed to allege entire categories of facts which are critical to the issue of Defendants' knowledge of red flags about JPMorgan's CIO. By way of example, the Complaint in this action devotes 17 pages to alleging with particularity (and with reference to numerous internal Company documents and other extrinsic evidence) Defendants' actual knowledge that the CIO violated numerous regulations imposed by the Office of the Comptroller of the Currency ("OCC") from at least 2010 to 2012. *See* Complaint, ¶¶244-299. These critical allegations, which include particularized facts to demonstrate how and when each Director Defendant became aware of these violations, are absent from the *Wandel* complaint. As a result, there was no discussion of these important facts at the motion to dismiss hearing on the *Wandel* action, and these facts did not (and could not) play a role in Justice Oing's dismissal order. *See* Dkt. No. 49-1 at 55:15-17 ("This is my decision based on what I heard today and based on all the arguments here . . . .").

In these circumstances, the *Wandel* action cannot have any preclusive effect over this more fulsome shareholder derivative action. *See Henik v. LaBranche*, 433 F. Supp. 2d 372, 381 (S.D.N.Y. 2006) (finding that there are "grounds warranting [denial of preclusive effect] where the plaintiff shareholder in the first action is alleged to have inadequately represented the interests of all of the shareholders"); Restatement (Second) of Judgments, §42(e) ("A person is not bound by a judgment for or against a party who purports to represent him if (e) The representative failed to

Robbins Geller
Rudman & Dowd LLP

The Honorable George B. Daniels
February 10, 2014
Page 3

prosecute or defend the action with due diligence and reasonable prudence . . . ."); *Yemin Ji v. Kits Van Heyningen*, No. 05-273ML, 2006 U.S. Dist. LEXIS 65926, at *4-*5 (D.R.I. Aug. 29, 2006) (declining to apply issue preclusion because the original plaintiff's "[f]ailure to make demand or allege demand futility with sufficient particularity may well reflect the kind of feeble prosecution of the claim which would invoke fairness issues when it came time to bar subsequent suits by nonparty shareholders"); *see also West Coast Mgmt. & Capital, LLC v. Carrier Access Corp.*, 914 A.2d 636, 643 n.22 (Del. Ch. 2006) (Where a shareholder plaintiff "makes substantially different allegations of demand futility based on additional information, issue preclusion, from both a logic and fairness standpoint, would not apply.").

           Respectfully submitted,

           BENNY C. GOODMAN III

BCG:vjr

914511_1