

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
:
:
:
:
In re JPMORGAN CHASE &              :    MEMORANDUM DECISION
CO. DERIV. LITIG.                   :    AND ORDER
:
:    12 Civ. 03878 (GBD)
:    (Derivative Action)
:
:
:
:
------------------------------------- x

GEORGE B. DANIELS, United States District Judge:

Plaintiff moves this Court to reconsider its March 31, 2014 Order ("Order") granting Defendants' motion to dismiss the Complaint for failure to adequately allege demand futility under Rule 23.1 of the Federal Rules of Civil Procedure and Delaware Chancery Court Rule 23.1. ECF No. 55. Plaintiff claims that this Court overlooked allegations regarding JPMorgan's internal controls and breach of internal risk limits and did not address the settlements between JPMorgan and its regulators. In the alternative, Plaintiff moves this Court for leave to amend its Complaint. Plaintiff's motions for reconsideration and leave to amend the Complaint are DENIED.[1]

Reconsideration may be granted when the "moving party can point to controlling decisions or data that the court overlooked – matters, in other words that might reasonably be expected to alter the conclusion reached by the Court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375–76 (S.D.N.Y. 2007) (moving party must demonstrate an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (quotation marks and citations omitted); Fed. R. Civ. P. 59(e); S.D.N.Y. Local Rule 6.3. "Reconsideration is an 'extraordinary remedy to be employed sparingly in the interests of

---

[1] The relevant facts and procedural history were addressed in this Court's Order dismissing the Complaint. *See* ECF No. 53.

finality and conservation of scarce judicial resources.'" *Winkler v. Metro. Life Ins. Co.*, No. 05-cv-2447, 2006 WL 2850247, at *1 (S.D.N.Y. Sept. 28, 2006) (quoting *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). A motion for reconsideration is not an opportunity "to reargue those issues already considered when a party does not like the way the original motion was resolved." *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996).

In support of reconsideration, Plaintiff argues that had this Court considered its allegations concerning JPMorgan's risk management and internal control framework, this Court would have concluded that a majority of the JPMorgan Directors were aware of "significant problems" facing JPMorgan, but did nothing to address them. Pl. Mem. at 3-6. This Court considered and expressly rejected Plaintiff's argument. *See* Order at 6-8 (citing Dkt. No. 39 at 7, 9-21). This Court clearly indicated that the Complaint fails to "allege[] particularized facts showing that the directors consciously acted in bad faith by failing to take action despite actual or constructive knowledge of illegal activity," or "consciously disregarded red flags signaling that the company's employees were taking facially improper...business risks." *Id.* at 7 (citing *In re SAIC Inc. Deriv. Litig.*, 2013 WL 2466796 (S.D.N.Y. June 10, 2013); *In re Goldman Sachs Grp., Inc. S'holder Litig.*, 2011 WL 4826104, at *22 n.217 (Del. Ch. Oct. 12, 2011)).[2] Plaintiff fails to present any new facts or controlling legal authority that warrant reconsideration of this Court's decision.[3]

Plaintiff also argues that this Court did not consider particularized facts regarding JPMorgan's risk limit breaches and the reasonable inference that this information reached a majority of the Board. This Court

---

[2] The cases relied upon by Plaintiff, which were previously considered by this Court, all involved extreme factual circumstances not alleged here. *Compare In re Pfizer Inc. S'holder Deriv. Litig.*, 722 F. Supp 2d 453, 460-61 (S.D.N.Y. 2010) (finding allegations that the board knew of clear illegal conduct because prior government settlements "imposed affirmative obligations on Pfizer's board that went well beyond the basic fiduciary duties required by Delaware law" sufficient); *In re Veeco Instruments, Inc. Sec. Lit.*, 434 F. Supp. 2d 267, 275 (S.D.N.Y. 2006) (finding allegations that Board committee explicitly was informed of multiple violations of export control laws and took no action sufficient); *In re Abbot Labs. Deriv. S'holder Litig.*, 325 F.3d 795, 799-800, 809 (7th Cir. 2003) (finding allegations of "six years of noncompliance" with federal laws as well as an "extensive paper trail" that led directly to the Board sufficient); *McCall v. Scott*, 239 F. 3d 808, 820-24 (6th Cir. 2001) (combination of audit committee reports, Board member involvement in improper acquisition practices, an ongoing *qui tam* action, investigations by Federal Agencies, and a New York Times investigation revealed Board involvement in rampant systematic scheme to defraud Medicare). Plaintiff has failed to make any comparable allegations in this case.

[3] Plaintiff's related argument that this Court can infer that a majority of the Board was aware of increasing risk in the Chief Investment Office ("CIO") because of their positions on certain Board committees was previously rejected by this Court and is contrary to established law. *See South v. Baker*, 62 A.3d 1, 17 (Del. Ch. 2012).

2

considered Plaintiff's argument and found that the Complaint does not adequately allege that a majority of the Board consciously disregarded JPMorgan's breach of risk limits. *See* Order at 8. Plaintiff's allegations do not show that a majority of the Directors were aware of any particular limit excession, or that knowledge of these few risk limit excessions would have alerted the Directors to facially improper risk-taking or illegal activity in CIO. *See In re Citigroup Inc. S'holder Deriv. Litig.*, 964 A.2d 106, 131 ("oversight duties under Delaware law are not designed to subject directors, even expert directors, to personal liability for failure to predict the future and to properly evaluate business risk"); *cf. In re ITT Corp. Deriv. Litig.*, 588 F. Supp. 2d 502, 514 (S.D.N.Y. 2008) (even "violations of law . . . [that] caused massive damage" did "not establish a sustained and systematic failure of oversight").

Plaintiff also asserts that this court did not adequately consider the settlements between JPMorgan and its regulators. Specifically, Plaintiff relies on settlements with the Office of the Comptroller of the Currency, the Commodity Futures Trading Commission, and the U.K. Financial Conduct Authority and the resulting fines of over $1 billion. *See* Pl. Mem. at 12-13. However, these settlements did not contain any admissions with respect to the Board's awareness of improper risk or illegal activity in CIO. As a result, nothing in these settlements "might reasonably be expected to alter the conclusion reached by the court" that Plaintiff failed to adequately allege demand futility. *Schrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995); *see also Wood v. Baum*, 953 A.2d 136, 140 (Del. 2008).

Plaintiff also moves this Court for leave to amend. *See* Pl. Mem. at 13-14. Plaintiff argues that leave to amend should be "freely given" and is warranted by "additional facts relating to Defendants' culpability that have emerged after the Complaint's filing." *Id.* at 14. Defendants counter that once judgment has been entered, a party cannot seek leave to amend unless the judgment has been "vacated or set aside pursuant" to Rule 59(e) or Rule 60(b). Def. Mem. at 8.

While leave to amend or replead a complaint shall be "freely given" under Rule 15(a), that is not the case when leave to amend is sought post-judgment. *Panther Partners, Inc. v. Ikanos Communications, Inc.*, No. 06 Civ. 12967(PAC), 2008 WL 2414047, at *2 (S.D.N.Y. June 12, 2008) ("'Freely given' leave to

3

amend does not mean that leave is to be granted in perpetuity. This is especially so when a dispositive motion has been issued and a decision on the merits made.").

This Court dismissed the Complaint after a full review of Plaintiff's arguments. Further, Plaintiff's bare assertion that it now has the facts to allege its derivative claim with specificity does not meet the standards for leave to amend under Rule 15(a). Plaintiff has failed to point to any specific facts that were discovered after Plaintiff filed the Complaint that demonstrate that demand would be futile and would enable Plaintiff to survive a motion to dismiss.[4] Leave to file an amended pleading should be denied when the amendment would be futile. *See Absolute Activist Value Master Fund, Ltd. v. Ficeto*, 677 F.3d 60, 71 (2d Cir. 2012) (citing *Port Dock & Stone Corp. v. Oldcastle Ne., Inc.*, 507 F.3d 117, 127 (2d Cir. 2007)); *see also Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (a proposed amendment is futile when it "could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)."). Plaintiff's request for leave to amend is accordingly denied.[5]

## Conclusion

Plaintiff's motions for reconsideration and leave to amend the Complaint are DENIED. The Clerk of Court is instructed to close the motion at ECF No. 55.

Dated: New York, New York
       July 29, 2014

JUL 30 2014

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[4] Plaintiff's argument that the "additional facts" in the settlements "warrant leave to amend" is without merit. Pl. Mot. at 14. As noted *supra*, the settlements contain no specific facts or admissions that would help Plaintiff to adequately allege that demand was futile.

[5] On March 31, 2014, this Court dismissed a separate shareholder derivative case in which the plaintiff made a pre-suit demand upon the Board based on the same underlying facts as this case—finding that the allegations in the Complaint were insufficient to overcome the presumption of the business judgment rule. *See Espinoza v. Dimon*, No. 1:13-cv-2358 (S.D.N.Y., filed Apr. 9, 2013) at ECF No. 36. Thus, even where the plaintiff made a demand upon the Board, the business judgment rule was a basis for dismissal of the plaintiff's case. *Id.*

4