MANDATE
14-3245
Wayne County Employees' Retirement System v. Dimon et al.

Case 14-3245, Document 103, 11/17/2015, 1644514, Page1 of 5

N.Y.S.D. Case #
12-cv-3878(GBD)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of October, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                    **Circuit Judges**.
         GEOFFREY W. CRAWFORD,[*]
                    **District Judge**.

- - - - - - - - - - - - - - - - - - - -X
WAYNE COUNTY EMPLOYEES' RETIREMENT SYSTEM,
         **Plaintiff-Appellant**,

         -v.-                                          14-3245

JAMES S. DIMON et al.,
         **Defendants-Appellees**.
- - - - - - - - - - - - - - - - - - - -X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/17/2015

---

[*] The Honorable Geoffrey W. Crawford, United States District Judge for the District of Vermont, sitting by designation.

1

| | | |
|---|---|---|
| **FOR APPELLANT:** | | JOSEPH D. DALEY, ROBBINS GELLER RUDMAN & DOWD LLP, San Diego, California. |
| **FOR APPELLEES:** | | DARYL A. LIBOW (<u>with</u> Richard C. Pepperman, II & Christopher Michael Viapiano <u>on the brief</u>) SULLIVAN & CROMWELL LLP, Washington, DC. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Wayne County Employees' Retirement System ("Wayne County") appeals from the judgment of the United States District Court for the Southern District of New York (Daniels, <u>J.</u>), dismissing its complaint pursuant to Rule 23.1 of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Although Rule 23.1 is a "rule of pleading that creates a federal standard as to the specificity of facts alleged," the "adequacy of those efforts is to be determined by state law." <u>RCM Sec. Fund, Inc. v. Stanton</u>, 928 F.2d 1318, 1330 (2d Cir. 1991). Since JPMorgan Chase ("JPMorgan") is a Delaware corporation, this appeal is governed by Delaware law.

Wayne County contends that it has properly pled demand futility because a majority of JPMorgan's Board of Directors ("Board") consciously disregarded pertinent indicators of business risk and thereby failed to properly exercise their oversight duties. These allegations plead Board inaction and are therefore analyzed under <u>Rales v. Blasband</u>, 634 A.2d 927, 933-34 (Del. 1993). Wayne County's complaint directly implicates the theory of liability articulated in <u>In re Caremark Int'l Inc. Derivative Litig.</u>, 698 A.2d 959, 968 (Del. Ch. 1996). <u>See</u> <u>Stone ex rel. AmSouth Bancorporation v. Ritter</u>, 911 A.2d 362, 370 (Del. 2006) ("We hold that *Caremark* articulates the necessary conditions predicate for director oversight liability: (a) the directors utterly failed to implement any reporting or information system or

2

controls; *or* (b) having implemented such a system or controls, consciously failed to monitor or oversee its operations thus disabling themselves from being informed of risks or problems requiring their attention."). Accordingly, "[w]here directors fail to act in the face of a known duty to act, thereby demonstrating a conscious disregard for their responsibilities, they breach their duty of loyalty by failing to discharge that fiduciary obligation in good faith." <u>Id.</u>; <u>see also</u> <u>In re Citigroup Inc. S'holder Derivative Litig.</u>, 964 A.2d 106, 123 (Del. Ch. 2009) ("Thus, to establish oversight liability a plaintiff must show that the directors *knew* they were not discharging their fiduciary obligations or that the directors demonstrated a *conscious* disregard for their responsibilities such as by failing to act in the face of a known duty to act. The test is rooted in concepts of bad faith; indeed, a showing of bad faith is a *necessary condition* to director oversight liability.").[1]

The standards governing the pleading of <u>Caremark</u> claims are exacting. <u>See</u> <u>Caremark</u>, 698 A.2d at 971 ("[O]nly a sustained or systematic failure of the board to exercise oversight—such as an utter failure to attempt to assure a reasonable information and reporting system exists—will establish the lack of good faith that is a necessary condition to liability."). And that considerable threshold is raised when, as here, the claims involve a failure to monitor *business* risk, as opposed to legal risk. <u>See</u> <u>Citigroup</u>, 964 A.2d at 131 ("While it may be tempting to say that directors have the same duties to monitor and oversee business risk, imposing *Caremark*-type duties on directors to monitor business risk is fundamentally different."). Thus, "[a]ssuming excessive risk-taking at some level becomes the misconduct contemplated by *Caremark*, the plaintiff would essentially have to show that the board . . . *consciously* disregarded red flags signaling that the company's employees were taking facially improper, and not just ex-post ill-advised or even bone-headed, business risks. Such bad-faith indifference would be formidably difficult to prove." <u>In re Goldman Sachs Grp., Inc. S'holder Litig.</u>, No. 5215-VCG, 2011 WL 4826104 at \*22 n.217 (Del. Ch. Oct. 12, 2011). "Even a showing of gross negligence by a majority of the Board will

---

[1] The exculpation clause in the JPMorgan Charter is irrelevant here because it does not immunize actions taken in bad faith, which is a prerequisite for director oversight liability.

not suffice." In re SAIC Inc. Derivative Litig., 948 F. Supp. 2d 366, 381 (S.D.N.Y. 2013), aff'd Welch v. Havenstein, 553 F. App'x 54 (2d Cir. 2014). In short, a Caremark claim is "possibly the most difficult theory in corporation law upon which a plaintiff might hope to win a judgment." Caremark, 698 A.2d at 967.

Wayne County's pleading does not satisfy the requirements for alleging a Caremark claim predicated on failed oversight of business risk. The complaint cites instances in which warning signs of excessive risk reached members of the Board, and identifies members of the Board who received particular warnings. But Wayne County cannot sustain its burden by relying on red flags that reached a single Board member or a minority of the Board: "Delaware law does not permit the wholesale imputation of one director's knowledge to every other for demand excusal purposes." Desimone v. Barrows, 924 A.2d 908, 943 (Del. Ch. 2007).

The complaint does allege that some warnings reached the majority of the Board; but the most urgent signs were given in a single quarter in which an audit report was prepared and delivered, and the severe loss followed the audit report by a few days or a couple weeks. Thus, even if there were red flags warning of facially improper business risk, the warning signs were not received, let alone ignored, over a sustained period of time. Wayne County has not pled a "sustained or systematic failure of the [B]oard to exercise oversight." Caremark, 698 A.2d at 971.

Nor may we substantively evaluate the magnitude of business risk JPMorgan was facing with the benefit of hindsight. See Goldman Sachs, 2011 WL 4826104 at *22 ("If an actionable duty to monitor business risk exists, it cannot encompass any substantive evaluation by a court of a board's determination of the appropriate amount of risk. Such decisions plainly involve business judgment.").

Finally, Wayne County's argument that the district court erred in denying it leave to amend its complaint must also be rejected given that the length and fulness of this complaint does not appear to have been abbreviated, or foreshortened.

4

```
1          For the foregoing reasons, and finding no merit in
2     Wayne County's other arguments, we hereby **AFFIRM** the
3     judgment of the district court.
4
5                                FOR THE COURT:
6                                CATHERINE O'HAGAN WOLFE, CLERK
7
```

A True Copy

Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit